Goodwin v. Cloudman and als.

---

DANIEL GOODWIN *versus* JOEL W. CLOUDMAN AND ALS.

Upon hearing of a motion to set aside a verdict, because a juror who tried the cause was related to the prevailing party, the proof should exclude the reasonable possibility of knowledge of this fact on the part of all parties making the motion, and of their counsel.

One claiming by record title will prevail against a prior deed unrecorded, unless the grantee has actual knowledge of the prior conveyance.

EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

In this case, after verdict for the plaintiff, Cloudman, one of the defendants, filed a motion for a new trial, because one of the jurors who tried the cause was a nephew of the plaintiff, and therefore disqualified by law to sit in the case. The defendants offered no evidence in support of the motion, except the motion itself and the affidavit of Cloudman, one of the defendants. Upon this evidence the court overruled the motion.

The defendants plead jointly.

*D. D. Stuart*, counsel for the plaintiff.

*G. W. Ingersoll*, counsel for the defendants.

APPLETON, J. The plaintiff's title is by a mortgage, unrecorded at the time E. S. Coe, as whose servants the defendants justify, acquired his title. The jury were instructed to find for the defendants, unless they were satisfied that Coe

had actual notice of this mortgage, which fact, by their verdict, they have found. This instruction affords no just ground for complaint.

After verdict, a motion was filed to set aside the verdict, because one of the jury was disqualified by reason of his relationship to the plaintiff. It may well be a matter of doubt if a party who neglects the right to challenge, which the law affords, can be permitted to take advantage of it after verdict. McLellan v. Crofton, 6 Greenl., 307. But, however that may be, the proof should exclude the reasonable possibility of knowledge of that fact on the part of all parties making the motion, and of their counsel. This the defendants entirely fail to do. The proof of ignorance of this relationship is from only one of the defendants and from one of their counsel. For aught that appears, all the facts which are now claimed as sufficient to set aside the verdict, may have been known to the other defendants, or to the associate counsel employed in the defence. The exceptions must be overruled.

*Exceptions overruled, and judgment on the verdict.*